# Kendrick v. Holmes Fibre Graphite Manufacturing Co., Appellant.

*Promissory notes—Affidavit of defense—Insufficient averments.*

In an action on a promissory note by the endorsee against the maker, a corporation, an affidavit of defense is insufficient, which avers that the defendant had no knowledge of the plaintiff, that the note was in fact owned by another person with whom defendant had various transactions, avers payment to such person, but does not state amounts or times of payment, does not make a

KENDRICK *v.* HOLMES F. G. MFG. CO., Appellant. 383

definite averment that defendant did not owe the note, and in general is obscure and involved.

Argued Dec. 13, 1916. Appeal, No. 286, Oct. T., 1916, by defendant, from orders of C. P. No. 2, Philadelphia Co., June T., 1916, No. 472, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George W. Kendrick, 3d, and Murdock Kendrick, Executors of the Estate of George W. Kendrick, Jr., Deceased, v. Holmes Fibre Graphite Manufacturing Co. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a promissory note.
The note was in the following form:
"$900.                    Philadelphia, Feb'y 3d, 1916.
"Thirty days after date we promise to pay to the order of Charles S. Warner.
Nine hundred ............................. Dollars
at 604 Commercial Trust Bldg. Philadelphia
Without defalcation, value received.
                        "HOLMES FIBRE-GRAPHITE MFG. CO.
"No.      Due 3/6        (Sgd.) Robert G. McDougal
                                        "Treasurer."
"Endorsements:
    "(Signed) CHARLES S. WARNER,
    "(Signed) GEORGE W. KENDRICK, JR.
    "April 4 on acct. 75.00."
The averments of the affidavit of defense appear by the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Thomas F. Gain,* for appellant.

*Joseph R. Embery,* with him *Joseph J. Tunney,* for appellee.

OPINION BY TREXLER, J., April 16, 1917:

This was a suit on a note. Defendant filed two affidavits of defense, either or both of which the lower court considered inadequate to prevent judgment. The defendant admits the execution of the note; disclaims any knowledge of the present plaintiff, the holder of the note; alleges a number of business transactions with one, Beatty, to whom various notes including the one in question were given; and that it owes Beatty nothing. No details of the transactions are given. Defendant states that subsequently the note was increased to $1,250 and that cash payments were made on account of the note whereby the obligation was entirely extinguished, but no dates are given except that it is stated that payments were made between June 11, 1915, and April 4, 1916; that by reason of the services of the defendant with others to secure a mortgage of $2,500 on Beatty's property, and the expenditure of $50 for title insurance Beatty became indebted to them and thereby the defendant suffered a loss (no amount given) several times in excess of the plaintiff's claim; that Beatty is the real plaintiff in the case and that title passed to Kendrick merely for the purpose of preventing a defense; that the name of Charles D. Warner was inserted as payee in said note for the accommodation and at the request of Beatty; that the defendant owes Warner nothing; that Kendrick, plaintiff's decedent was not the holder of the note in due course for value before maturity, but holds said note as agent for Beatty.

The lower court we think very properly characterized these statements as "obscure and involved." The defendant has made no definite averments which show that it does not owe the note in question. Whether Kendrick received the note for value or not can make no difference to the defendant if it owes the note. General statements of payment to, or of mutual dealings with the person whom the defendant claims to be the real owner of the note will not avail.

The allegation that the name of Warner was inserted as payee in the note for the accommodation and at the request of said Beatty is not an allegation that the note was an accommodation note. It was the insertion of the name that was for the accommodation of Beatty. The defense as we gather from the remaining portions of the affidavit was payment, but the payments are merely referred to in a general way and with not that particularity which is required in affidavits of defense. The note in suit was for $900. Defendant refers to a $500 note, to a $1,250 note and finally to the services in securing a loan. The lower court properly found that the defendant, taking these various items into consideration "has no claim against Beatty which would operate as a defense even if the plaintiffs' testator were Beatty's 'agent to hold the note' and defenses against Beatty were defenses against the plaintiffs."

Judgment affirmed.